UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK ROY HARPER,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF MARIN, et al.,<br><br>    Defendants. | Case No. 25-cv-00758-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE AND DENYING PLAINTIFF'S MOTIONS**<br><br>Re: Dkt. Nos. 8, 15, 16, 17, 21 |

Plaintiff Patrick Roy Harper, who is representing himself, filed a Complaint against the County of Marin and the California Department of Fish and Wildlife alleging violations of the Sherman Act, the Clayton Act, and tortious interference with contract. (Dkt. No. 1.) Each of the causes of action stem from Harper's allegedly wrongful arrest, criminal prosecution, and conviction, which he alleges has had a devastating effect on his commercial fishing business and his livelihood. (*Id.* at 8-10, 53-55.)[1] The County moves to dismiss the claims against it as barred by *res judicata* due to the dismissal with prejudice of *Harper v. Georges et al.*, No. 23-cv-05426-VC ("*Harper I*"). (Dkt. No. 8.) Harper opposes dismissal (Dkt. Nos. 15, 21), seeks to strike Department's answer to the complaint (Dkt. No. 17), and asks the Court to refer this case for criminal prosecution of Defendants (Dkt. No. 16). For the reasons described below, the County's Motion to Dismiss is **GRANTED WITH PREJUDICE**, and Harper's motions are **DENIED**. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

---

[1] All citations to page numbers refer to ECF pagination.

1

**I.     MOTION TO DISMISS**[2]

Harper's claims against the County are barred by *res judicata*. Federal "[r]es judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 & n. 10 (9th Cir. 2003). Each of these requirements is met.

First, the fact that *res judicata* "depends on an 'identity of claims' does not mean that an imaginative [plaintiff] may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." *Id.* at 1077-78. Rather, when "claims involve technically different legal challenges," the court will focus on "whether the separate legal claims arise from the 'same transactional nucleus of facts.'" *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) ("*Turtle Island*"). This is because "where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Id.* at 918.

The Complaint in this case brings antitrust and tortious interference claims that were not asserted in Harper's earlier case, but the factual allegations in this case relate entirely to Harper's allegedly wrongful arrest and prosecution, which he alleges amounted to "unlawful antitrust practices" and "unlawful interference." (Dkt. No. 1 at 8-10, 14, 16-17, 28.)[3] *Harper I*, which brought constitutional claims for violations of due process, was premised on identical factual allegations. (*See* Dkt. No. 10-5 at 7, 10-13, 18-20.) Furthermore, the evidence that Harper attaches to both his complaints is virtually identical. (*Compare* Dkt. No. 1 at 49-55 *with* Dkt. No. 10-5 at 43-49.) Both actions arise from the same transactional nucleus of facts. *See Turtle*

---

[2] The County's request for judicial notice (Dkt. No. 10) is granted. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of court filings and other matters of public record).

[3] The remaining allegations in the Complaint are legal conclusions and are not relevant to the identity of claims analysis. (*See*, *e.g.*, Dkt. No. 1 at 3 ("Defendants' have engaged in unlawful antitrust practices, and conduct that disrupts the Commercial Fishing Industry"); *id.* at 6 (Defendants "have intentionally and unlawfully interfered with Plaintiff's Federally authorized operations, obstructed the Federal government's Constitutional and contractual obligations, and caused a direct and unlawful restraint of trade and Commerce, in violation of Federal law").)

*Island*, 673 F.3d at 918-19 (applying *res judicata* after finding that plaintiff was required to bring its statutory claims in its first lawsuit, because the claims were based on the same government conduct).

Second, "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which *res judicata* applies." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n. 3, (1981)). *Harper I* was dismissed in its entirety, with prejudice, for failure "to state a plausible claim for relief." (Dkt. No. 10-7.) Therefore, the second requirement is satisfied.

Finally, there is privity between the relevant defendants in both cases. "A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Therefore, a government and its officers are in privity for purposes of *res judicata*. *See Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402 (1940); *see also Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). *Harper I* asserted claims against various County employees in their official capacities regarding Harper's allegedly unlawful arrest and prosecution (Dkt. No. 10-5 at 2, 7, 10-13), and the Complaint in this case brings claims against the County for the same alleged misconduct. Therefore, privity exists.

Harper argues that *res judicata* does not apply because he asserts "admiralty jurisdiction." (Dkt. No. 21 at 3.)[4] However, even if Harper were correct that his case sounds in admiralty, the "principle of *res judicata* applies in admiralty, as well as in cases at law." *See Clinton v. Joshua Hendy Corp.*, 285 F.2d 848, 850 (9th Cir. 1960) (citing *Runyan v. Great Lakes Dredge & Dock Co.*, 141 F.2d 396, 397 (6th Cir. 1944)). Harper raises no other arguments for why his claims are not barred.

Because Harper's claims against the County are barred by *res judicata*, they are

---

[4] To the extent that "Plaintiff's Motion in Response to County of Marin Motion to Dismiss the Complaint" (Dkt. No. 21) was intended as further a motion to strike, that motion is denied. Harper has not established a legal basis to strike County's motion to dismiss, as detailed in Section II.

dismissed with prejudice.  *See*, *e.g.*, *Nissim v. Wells Fargo Bank, N.A*, No. 14-cv-1128-CW, 2014 WL 4421384, at *6 (N.D. Cal. Sept. 5, 2014) (dismissing claims with prejudice because they were barred by *res judicata*).  The Court does not reach the County's arguments that Harper has failed to state a claim for relief.  The dismissal is without leave to amend, because amendment would be futile in light of the judgment entered in *Harper I*.

## II.     HARPER'S MOTIONS

*Motion to Strike the County's Motion to Dismiss*.  Harper moves to strike the County's motion to dismiss under Federal Rule of Civil Procedure 12(f) because it is "procedurally defective," "improperly attempts to relitigate constitutional issues already preempted by federal admiralty jurisdiction," and is "brought in bad faith."  (Dkt. No. 15 at 2-3.)  However, as discussed above, the Court finds that the County's motion is meritorious, and is not "redundant, immaterial, impertinent, or scandalous."  *See* Fed. R. Civ. P. 12(f).  Harper relies heavily on the notion that admiralty law somehow precludes the County from bringing a motion to dismiss, but identifies no basis for this assertion.  As discussed above, *res judicata* is applicable here and requires dismissal.  Furthermore, *Great Lakes Insurance SE v. Raiders Retreat Realty Co., LLC*, 601 U.S. 65 (2023), which Harper repeatedly references, stands for the proposition that "choice-of-law provisions in maritime contracts are presumptively enforceable."  *Id.* at 76.  But this holding is not relevant to Harper's claims because he has not alleged that his claims are subject to such a choice-of-law provision.  Harper's first motion to strike is denied.

*Motion to Strike the Department's Answer*.  Harper moves to strike the Department's answer under Rule 12(f), making similar arguments to those he raises in his first motion to strike.  (Dkt. No. 17.)  The motion also seeks a judgment on the pleadings against the Department.  (*Id.*)  Harper's motion is denied because he fails to identify any defect in the Department's answer that would form a basis to strike it.  *See* Fed. R. Civ. P. 12(f).  As discussed above, Harper's assertion that admiralty law applies, even if correct, is not a basis to strike the Department's answer.  Furthermore, because the Department's answer (Dkt. No. 12) raises both factual disputes and affirmative defenses, Harper is not entitled to a judgment in his favor.  *See Pit River Tribe v.*

*Bureau of Land Mgmt.*, 793 F.3d 1147, 1159 (9th Cir. 2015) ("Moreover, under Federal Rule of Civil Procedure 12(c), a plaintiff is not entitled to judgment on the pleadings if the defendant's answer raises issues of fact or affirmative defenses."). Harper's second motion to strike is denied.

*Request for Referral*. Harper asks that the Court refer the case to the United States Attorney General's Office so that they may investigate Defendants. (Dkt. No. 16.) This request is based on the same factual allegations in the Complaint, which, as discussed above, have already been dismissed with prejudice for failure to state a claim. Harper's request for referral is therefore denied.

### III. CONCLUSION

For the reasons described above, the County's Motion to Dismiss (Dkt. No. 8) is **GRANTED**, and all claims again the County are dismissed with prejudice without leave to amend. Harper's Motion to Strike Motion to Dismiss (Dkt. No. 15), Motion to Strike Answer (Dkt. No. 17), Motion to Strike (Dkt. No. 21), and Request for Referral (Dkt. No. 16) are **DENIED**.

**IT IS SO ORDERED.**

Dated: April 11, 2025

RITA F. LIN
United States District Judge