UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK ROY HARPER,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE,<br><br>    Defendant. | Case No. 25-cv-00758-RFL<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 45, 46, 47, 49, 50, 52, 53, 54, 58, 61, 63, 67, 70 |

    Plaintiff Patrick Roy Harper, who is representing himself, filed a Complaint against the County of Marin and the California Department of Fish and Wildlife ("CDFW") alleging violations of the Sherman Act, the Clayton Act, and tortious interference with contract. (Dkt. No. 1.) Each of the causes of action stem from Harper's allegedly wrongful arrest, criminal prosecution, and conviction, which he alleges has had a devastating effect on his commercial fishing business and his livelihood. (*Id.* at 8–10, 53–55.)[1] The claims against the County were dismiss with prejudice as barred by *res judicata* due to the dismissal with prejudice of *Harper v. Georges et al.*, No. 23-cv-05426-VC ("*Harper I*"). (Dkt. No. 25.) The dismissal order found that *Harper I*, which brought constitutional claims for violations of due process, was premised on identical factual allegations. (*See id.*) Subsequently, CDFW moved for a judgment on the pleadings arguing that the claims against it were barred by *res judicata*, among other arguments. (Dkt. No. 54.)

---

[1] All citations to page numbers refer to ECF pagination.

Federal "[r]es judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 & n. 10 (9th Cir. 2003). Harper's claims against CDFW are barred by *res judicata* for the same reasons the claims against the County were barred. (*See* Dkt. No. 25 at 2–4.)

First, while the claims in this case "involve technically different legal challenges," than the claims in *Harper I*, they "arise from the same factual circumstances," and they could have been brought in Harper's prior action. *See Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918–19 (9th Cir. 2012). Second, *Harper I*'s dismissal with prejudice was a judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (citation omitted). Finally, there is privity between Peter Georges, who was sued "in his official capacity as California Department of Fish and Wildlife" in *Harper I* (No. 23-cv-05426-VC, Dkt. No. 28 at 2), and the CDFW. *See Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402 (1940); *see also Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

Because Harper's claims against the CDFW are barred by *res judicata*, they are dismissed with prejudice. *See*, *e.g.*, *Nissim v. Wells Fargo Bank, N.A*, No. 14-cv-1128-CW, 2014 WL 4421384, at *6 (N.D. Cal. Sept. 5, 2014) (dismissing claims with prejudice because they were barred by *res judicata*). The Court does not reach the CDFW's other arguments.

Because the claims against CDFW are barred by *res judicata*, its motion is **GRANTED**, and the case is **DISMISSED WITHOUT LEAVE TO AMEND** and **WITH PREJUDICE**. Harper's motions (Dkt. Nos. 45, 46, 49, 52, 53, 58, 61, 63, 67, 70), which were filed without prior authorization in violation of the Court's Order (Dkt. Nos. 43), are **DENIED**. Harper's motion for leave to file an emergency admiralty notice (Dkt. No. 47) is **DENIED** as moot in light of the dismissal of this action. Harper's motion for leave to file constitutional challenge and certified referral to the U.S. Attorney General (Dkt. No. 50) is **DENIED** for the reasons stated in the prior dismissal order. (*See* Dkt. No. 25 at 4–5.)

**IT IS SO ORDERED.**

Dated: August 13, 2025

_____
RITA F. LIN
United States District Judge