PATRICK ROY HARPER
PRO SE MASTER SEAMAN
6690 BLOOMFIELD RD
PETALUMA, CA 94952
TEL.:(707)751-6677
MYCASEMARIN@OUTLOOK.COM

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**

PATRICK ROY HARPER

PLAINTIFF,

VS.

COUNTY OF MARIN, ET AL.,

DEFENDANTS.

HON. RITA F. LIN

Case No.: 3:25-cv-00758-RFL

**EMERGENCY MOTION TO REINSTATE HEARING, ADDRESS COURT VACATUR, AND COMPEL SUBSTANTIVE REVIEW OF RULE 60(b)(4) MOTION, WITH REQUEST FOR INJUNCTIVE RELIEF**

PAGE1

PLEADING TITLE

**EMERGENCY MOTION TO REINSTATE HEARING, ADDRESS COURT VACATUR, AND COMPEL SUBSTANTIVE REVIEW OF RULE 60(b)(4) MOTION, WITH REQUEST FOR INJUNCTIVE RELIEF**

**INTRODUCTION AND URGENCY**

Plaintiff Patrick Roy Harper respectfully files this urgent motion to reinstating the scheduled in-person hearing on Plaintiff's pending Rule 60(b)(4) motion, which the Court vacated without issuing a written order—a procedural action that directly contravenes this Court's own Standing Orders and Local Rules. This vacatur, made Sua sponte and without notice or explanation, violates basic principles of due process, procedural fairness, and the Court's own rules.

This Court's vacatur, executed without an order or hearing, deprives Plaintiff of his constitutional rights to notice and opportunity to be heard, especially on a motion challenging the validity of a judgment, which is fundamental to due process. The Court's action, taken the very next day after

the scheduled hearing, effectively precludes meaningful judicial review of the critical constitutional FACT—The underlying state conviction is void for lack of jurisdiction.

The urgency arises from the ongoing enforcement of a jurisdictionally defective, void state conviction that underpins federal orders and sanctions, all of which must be vacated under Rule 60(b)(4). Continuing enforcement risks irreparable harm and violates Plaintiff's constitutional rights.

# I. BACKGROUND AND THE COURT'S VACATUR CONTRARY TO PROCEDURAL RULES

On **September 21, 2025**, Plaintiff properly filed a Rule 60(b)(4) motion seeking to vacate a void federal judgment predicated on a void state conviction obtained without jurisdiction over maritime matters. Pursuant to Local Rule 7-2(a) and the Court's Standing Orders, Plaintiff scheduled an in-person hearing for **October 28, 2025**, to present concrete evidence demonstrating the jurisdictional and constitutional defects.

However, on **September 22, 2025**, without issuing a written order or providing notice to Plaintiff or Defendants, the Court vacated the hearing Sua sponte—an action that violates the Court's own

PAGE3

PLEADING TITLE

procedural rules requiring that any deviation from scheduled hearings be accompanied by a written order and notice of the Court's reasoning.

This unexplained vacatur effectively denies Plaintiff his due process rights to be heard on an important motion, especially one that directly challenges the validity of a judgment and constitutional jurisdiction.

## II. LEGAL STANDARDS AND DUE PROCESS VIOLATION

**A. Due Process and Procedural Fairness**

The Fifth Amendment guarantees the right to notice and a meaningful opportunity to be heard before depriving any person of liberty or property. Courts have consistently recognized that Sua sponte vacatur of scheduled hearings without notice or explanation violates these fundamental rights.

Specifically, the Supreme Court and Circuit Courts have held that procedural irregularities, such as vacating a hearing without a written order or opportunity for briefing, undermine procedural due

process. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Mathews v. Eldridge,* 424 U.S. 319 (1976).

**B. Court's Obligation to Follow Its Own Rules**

The Court's own Standing Orders and Local Rules explicitly require that any deviation from regular procedures—such as vacating a scheduled hearing—must be supported by a written order setting forth the Court's reasoning. The vacatur of the **October 28** hearing without such an order violates these rules and is null and void.

**C. Rule 60(b)(4) and the Void Judgment Doctrine**

A judgment is void if entered without jurisdiction or in violation of due process. The Court's own record and filings demonstrate that the underlying state conviction lacks jurisdiction over maritime matters, rendering all subsequent federal orders null and void under Rule 60(b)(4).

**III. SUBSTANTIVE AND PROCEDURAL BASIS FOR REINSTATEMENT AND**

PAGE5

PLEADING TITLE

**VACATUR**

**A. The Underlying State Conviction Is Void for Lack of Jurisdiction**

The state court lacked subject-matter jurisdiction over the maritime conduct at issue, which falls squarely within federal admiralty jurisdiction under 28 U.S.C. § 1333 and Article III, Section 2 of the U.S. Constitution. The state proceeding acted ultra vires by adjudicating maritime disputes without statutory or constitutional authority, making its judgment void ab initio.

**B. The Court's Failure to Provide a Written Explanation Violates Due Process**

The Court's vacatur without order deprived Plaintiff of the opportunity to respond or brief the jurisdictional and constitutional issues, violating principles of procedural fairness and fundamental due process. This procedural defect mandates reinstatement of the scheduled hearing and full review of Plaintiff's Rule 60(b)(4) motion.

**C. The Federal Orders Relying on the Void State Judgment Are Also Void**

All federal judgments, penalties, and restraints predicated on the void state conviction are null and unenforceable under Rule 60(b)(4). The dependence of federal sanctions on an ultra vires state conviction compels their vacatur.

**IV. REQUEST FOR RELIEF**

Plaintiff respectfully requests that the Court:

Reinstate the **October 28, 2025**, in-person hearing on Plaintiff's Rule 60(b)(4) motion, with full opportunity for oral argument and presentation of evidence;

Issue a written order explaining the Court's reasoning for vacating any future hearings or motions;

Proceed with substantive review of Plaintiff's Rule 60(b)(4) motion, including full briefing and oral argument on whether the judgment and underlying conviction are void for jurisdictional defects;

Vacate all federal orders, judgments, and penalties predicated on the void state conviction;

Issue a preliminary and permanent injunction barring enforcement of the jurisdictionally defective conviction and related sanctions and penalties;

Restore Plaintiff to his pre-judgment status and reopen the Maritime damages claim for

adjudication, untainted by the void conviction;

Grant such additional relief as the Court deems just and proper to preserve the uniformity of federal maritime jurisdiction and prevent ongoing constitutional violations.

**V. CONCLUSION**

The Court's vacatur of the scheduled hearing without a written order and without affording Plaintiff an opportunity to be heard constitutes a due process violation and procedural irregularity requiring reinstatement and corrective action. The underlying state conviction lacks jurisdictional validity, making all subsequent federal orders void under Rule 60(b)(4).

Plaintiff respectfully urges this Court to reconsider its Sua sponte vacatur, reinstate the hearing, and proceed to a full and fair review of the merits, so that justice and federal maritime law may be duly upheld. Verified Affidavit in Support of Jurisdictional Statement and Demand for Relief United States District Court Northern District of California Affidavit of PATRICK ROY HARPER

I, PATRICK ROY HARPER, being duly sworn, depose and state under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge, information, and belief: Jurisdictional Statement This Court, under the exclusive admiralty jurisdiction granted by Article III, Section 2 of the U.S. Constitution and codified in 28 U.S.C. § 1333, is not merely empowered— it is constitutionally obligated—to intervene where the rights of a U.S. seaman and flagship vessel have been unlawfully restrained by a void state conviction that

PAGE8

PLEADING TITLE

intrudes upon the supremacy of the judiciary and the supremacy and uniformity of maritime law.

/s/ Patrick Roy Harper

**Respectfully submitted,** Patrick Roy Harper Plaintiff, Pro Se

/s/ _____

PATRICK ROY HARPER

**PRO SE MASTER SEAMAN
6690 BLOOMFIELD RD
PETALUMA, CA 94952**

**TEL.:(707)751-6677**

Email: mycasemarin@outlook.com

Dated: 9/24/2025

PAGE9

PLEADING TITLE

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of **September, 2025**, I electronically filed the foregoing Emergency Motion to Reinstate Hearing, Address Court Vacatur, and Compel Substantive Review of Rule 60(b)(4) Motion, with Request for Injunctive Relief with the Clerk of the Court using the CM/ECF system, which will automatically serve electronic copies of the document on all registered parties and counsel of record in this case, in accordance with **Fed. R. Civ. P. 5** and the Local Rules of this Court.

Dated: September 24, 2025

Respectfully submitted, _____

s / Patrick Roy Harper

**PRO SE MASTER SEAMAN**

6690 BLOOMFIELD RD

PETALUMA, CA 94952
TEL.:(707)751-6677
MYCASEMARIN@OUTLOOK.COM

DATE: 9/24/2025

PAGE10

PLEADING TITLE

**ADDRESS TO THE COURT, HONORABLE JUDGE VINCE CHHABRIA, AND JUDGE RITA F. LIN**

**This Court, and the Plaintiff's claims presided over by the Honorable Judge Vince Chhabria, and the Honorable Judge Rita F. Lin, have relied upon a void state conviction in issuing their judgments and orders, including the recent dismissal with prejudice of the maritime claim over which Judge Lin is presiding. Judge Lin has relied on and dismissed that claim with prejudice, relying on the merits of Judge Chhabria's void judgment. It is well established that a judgment based on a void jurisdictional predicate is itself void under federal law and the Constitution. The state conviction, which forms the foundation of the Court's orders, lacks jurisdiction over maritime conduct and has been explicitly declared void due to the Court's own recognition of its jurisdictional defect.**

**Furthermore, Judge Vince Chhabria's reliance on this void conviction, and the subsequent order dismissing the civil rights claim with prejudice, are also void because they are dependent on the jurisdictionally defective conviction. Any judgment or ruling that rests on a void judgment lacks legal validity and must be vacated.**

**Plaintiff intends to file a motion in person challenging the voidness of the civil rights judgment once permitted by the Court's order, as the Judge ordered the Clerk to refuse any filings from the Plaintiff on this claim. This further emphasizes the void and unenforceable nature of these orders and judgments.**

**The Judges—Judge Rita F. Lin and Judge Vince Chhabria—rely on these void judgments, which not only violates the principles of due process but also contravenes the constitutional requirement that courts act within their jurisdiction and uphold the rule of law. Continuing to enforce and rely upon**

PAGE11

PLEADING TITLE

**these void orders perpetuates constitutional violations and must be corrected immediately.**

**The Plaintiff reserves the right to file the appropriate motion challenging the voidness of these judgments in person and requests the Court to recognize the fundamental invalidity of all judgments and orders based on the void state conviction.**

**Furthermore, if this Court has any integrity and respect for the Supreme Court and the framers of the Constitution, it will recognize its constitutional duty to vacate the void judgments it is currently enforcing. These judgments, based on a void state conviction, violate the Plaintiff's maritime rights and constitutional guarantees. Upholding such void orders contravenes fundamental principles of justice and the rule of law.**

**If this Court refuses to correct its course by vacating these proven void judgments, and continues to enforce them despite their invalidity, the Plaintiff intends to rent a billboard on the freeway entering the City of San Francisco. On this billboard, the Plaintiff will publicly display the addresses of every judge in this court building, along with information about the Court's misconduct, the violations of constitutional due process, and the ongoing enforcement of void and unconstitutional judgments. This measure is to raise awareness of the Court's constitutional and legal violations, including its ongoing refusal to correct these judgments, which are void and unconstitutional. This action is intended to inform the public of the misconduct and systemic violations occurring within this Court.**

PLEADING TITLE